UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE: KARL JONES | § § § | CIVIL ACTION NO. 4:23-CV-4805 |

## **MEMORANDUM AND RECOMMENDATION**

On December 22, 2023, Debtor Karl Jones (Appellant) filed a timely Notice of Appeal from the December 19, 2023 Order Granting Relief from the Automatic Stay entered in Bankruptcy Case 23-33203. ECF 1. The Clerk docketed a Notice of Deficiency on January 5, 2024 stating that Appellant did not pay the filing fee and informing Appellant that the "district court may dismiss the appeal without further notice" if the fee were not paid within 14 days. The docket contains no entry reflecting payment of the fee. On motion of the Chapter 7 Trustee, the court dismissed Bankruptcy Case 23-33203 with prejudice on March 1, 2024.

Appellant filed a designation of items to be included in the record on appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1) on January 5, 2024 . Bankruptcy Case No. 23-33203 (ECF 52). Appellee did not designate additional items for inclusion in the record as permitted by Rule 8009(a)(2). The Bankruptcy Clerk has neither transmitted the record to this court nor given notice that the record is available electronically as directed by Rule 8010((b)(1). Consequently, no briefs have been filed in accordance with Rule 8018 (providing that appellant's brief is due

30 days after docketing notice that the record has been transmitted or is available electronically and appellee's brief is due 30 days thereafter).

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."  Moreover, "[t]he Fifth Circuit has recognized that district courts have discretion to dismiss bankruptcy appeals when appellants fail to comply with procedural rules or diligently prosecute the appeal." *In re Found. of Hope, Inc.*, No. 2:20-CV-295, 2021 WL 3832813, at *1 (S.D. Tex. Apr. 5, 2021) (citing *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985) and *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 746 (5th Cir. 1976) (per curiam)); *Matter of Primera Energy, L.L.C.*, 812 F. App'x 269, 270 (5th Cir. 2020) (holding district court had discretion to dismiss appeal for failure to provide a complete transcript of the record on appeal); *In re Jolly Properties, Inc.*, No. CIVA H-09-1932, 2009 WL 2940082, at *1 (S.D. Tex. Sept. 10, 2009) (dismissing appeal for want of jurisdiction because appellant did not file a timely brief).

It appears that Appellant has taken no steps to pay the filing fee or correct the procedural deficiencies with this appeal.  The Court therefore RECOMMENDS that this appeal be dismissed for want of prosecution.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 22, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge